Mr. Justice SWAYNE
delivered the opinion of the court.
This is a writ of error to. the Circuit Court of the United States for the District of Louisiana. The plaintiff' in error was the defendant in the court below. The action was brought against him as the indorser of a promissory note. The parties, pursuant to the act of Congress of March 3d, 1865, filed a written stipulation waiving a jury, and the cause was tried by the court. A judgment was rendered against the defendant. He took a bill of exceptions. No facts were specially fouud by the court.
The act referred to provides that the finding of the court upon the facts — which finding may be either general or special — shall have the same effect as the verdict of a jury; *198 that the rulings of the court in the progress of the cause may be reviewed by this court, when properly presented by a bill of exceptions, and that where the finding is special this review may extend to the sufficiency of the facts found to support the judgment. This act is general in its terms as to the scope of its operation, and embraces the District. of Louisiana.
There being no special finding of the facts, the inquiry as to their sufficiency to support the judgment does not arise.
Our examination of the case must be confined to the bill of exceptions.
It is objected that this instrument was not sealed, as well as signed, by the judge. The statute of Westminster prescribes a seal, but no act of Congress and no rule of this court contains such a requirement. Though usual in the practice of the courts of the United States, it is not necessary. The signature of the judge is sufficient.
It does not appear that the defendant objected to any of the testimony which was admitted. No question relating to the subject is .presented for our consideration.
•It is shown by the bill of exceptions that sundry legal propositions were argued by the counsel of Generes and were overruled by the court. The entire bill is a series of interlocutions between the counsel and the court, in which the evidence is referred to; but the bill does not purport to give all the evidence upon either of the subjects to which the exceptions relate.
In the entry of the judgment it is stated that it is given “for reasons orally assigned by the court.” What those reasons were is not set forth. Whether they were that there was other evidence besides that referred to in the bill of exceptions, or that the court drew different conclusions from those deduced by the counsel, or that the court entertained different legal views from those upon which the counsel insisted, is not disclosed. Had thé facts been specially found no such doubt could have existed. The case *199 would then have presented clearly all the propositions to which the attention of the court below was calletl, and in relation to which it is insisted errors were committed.
For any error in relation to the facts a writ of error is not the proper remedy. If all the testimony given were set out in the record we could not examine it with the view of determining whether it is sufficient to support the judgment.* If sufficient, the remedy was a motion for a new trial, or by having the facts specially found. In the latter case a- writ of error would lie to correct the wrong, if any were done. According to the statute the finding of the court stands as would the general verdict of a jury, and has the same effect. The plaintiff in error is in the same position as if he were here complaining that the jury erred in overruling the points and propositions which were argued to them in his behalf, and had found for the plaintiff' when they should have found for the defendant. The evidence was closed, and the court was sitting in place of a jury when his exceptions were taken.
We are all of opinion that the propositions upon which the plaintiff in error insists are not so presented that we can take cognizance of them.
Judgment affirmed.

 Pennock v. Dialogue, 2 Peters, 1.